UNITED STATES COURT OF APPEALS

**Filed 12/3/96**

FOR THE TENTH CIRCUIT

MICHAEL O. ABEYTA, a child,
through his mother, GERALDINE
ABEYTA,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

       Defendant-Appellee.

No. 95-2260
(D.C. No. CIV-93-1082-JP)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. In the text, we continue to refer to the
Secretary because she was the appropriate party at the time of the underlying
decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Michael Abeyta, through his mother, Geraldine Abeyta, appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying his application for child's supplemental security income benefits. Michael was born on September 15, 1983, and was nine years old at the time of the hearing before the administrative law judge (ALJ). He contends that he has been disabled from birth due to prune-belly syndrome and an enlarged kidney. In an opinion that now stands as the final decision of the Secretary, the ALJ determined that Michael did have a severe impairment, but that the severity of the impairment did not meet the Listing of Impairments, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, nor was it of comparable severity to an impairment that would cause an adult to be disabled, see id. § 416.924(e) and (f).

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Washington v.

Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

On appeal, Michael essentially contends that the Secretary's decision is not supported by substantial evidence and that the Secretary failed to consider certain evidence. We have fully considered his arguments and reviewed the record, and we conclude that the Secretary considered all relevant evidence, that her decision is adequately supported by the evidence, and that she applied the correct legal standards. The evidence showed that while Michael's impairments caused some bladder infections and fevers and limited his ability to participate fully in all sports activities, they did not limit his ability to function independently, appropriately, and effectively for his age. He attended school regularly, did well academically, and got along well with others. The evidence supports the decision that Michael is not disabled, and we therefore affirm the denial of benefits.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge